IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN WHEATLEY, | : | No.  4:CV-06-01230 |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| EDWARD KLEM, et. al, | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

October 18, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The Petitioner, Steven Wheatley ("Petitioner") an inmate incarcerated at the State Correctional Institution at Mahanoy filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner challenges his March 9, 2001 conviction in the Monroe County Court of Common Pleas with respect to his shooting of a police officer victim on three grounds; (1) insufficient evidence to support attempted criminal attempt to commit murder and aggravated assault convictions; (2) ineffective assistance of trial counsel in failing to adequately investigate and obtain forensic testimony; and (3) ineffective assistance of trial counsel in failing to request an appropriate jury instruction.  (Rec. Doc. 1 at 6-9).

The case was referred to United States Magistrate Judge Thomas M. Blewitt.[1] Thereafter, on September 20, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 15) recommending that the Petition for Habeas Corpus be denied with respect to its three claims. The Magistrate Judge further recommended that the Petitioner's Motion for Leave to Conduct Discovery and for Appointment of an Expert (doc. 12) be denied because no further information is required to decide Petitioner's habeas claims.

Objections to Magistrate Judge Mannion's report were due by October 6, 2006. On September 29, 2006, Petitioner filed objections to the report. (Rec. Doc. 16). The matter is therefore ripe for our review.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de*

---

[1] Upon Magistrate Judge Blewitt's preliminary review of the record, he found that Petitioner's Petition was timely filed under 28 U.S.C. § 2244(d)(1).

*novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL AND PROCEDURAL BACKGROUND:**

On March 9, 2001 Petitioner was found guilty, by a jury, in the Court of Common Pleas of Monroe County, Pennsylvania, of attempted homicide and related charges, namely aggravated assault and reckless endangerment with respect to his shooting of Police Officer Rice. The Court also found the Petitioner guilty of possession of a firearm by a former convict. On April 11, 2001, the Petitioner was sentenced to an aggregate term of fifteen to thirty years incarceration.

On April 23, 2001, Petitioner filed a post-sentence motion raising several issues regarding his finding of guilt and sufficiency of the evidence against him. On June 4, 2001, Petitioner also filed a motion challenging his sentence. The trial court denied these post-sentence motions on June 29, 2001.

On July 24, 2001, the Petitioner filed a direct appeal of his judgment of his sentence with the Superior Court of Pennsylvania. The Superior Court affirmed the Petitioner's conviction on August 16, 2002. On September 15, 2002, the

Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court denied on August 26, 2003.

On April 22, 2004, the Petitioner filed a *pro se* Petition for Post Conviction Relief Act ("PCRA") with the Court of Common Pleas. Counsel was appointed to represent Petitioner relative to his PCRA petition. On October 13, 2004, Petitioner, through his counsel, filed an amended PCRA petition, limiting his ineffective assistance of counsel claims to four issues, including the two ineffective assistance of counsel claims included in the present Petition.

The Court of Common Pleas denied the PCRA petition on February 17, 2005. The Petitioner appealed to the Superior Court of Pennsylvania on March 3, 2005, and the Superior Court affirmed the Court of Common Pleas's "excellent" decision on October 27, 2005. (Rec. Doc. 5, Ex. 9). On November 15, 2005, the Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court denied on May 25, 2006. The current Petition was filed on June 19, 2006.

**DISCUSSION**:

    **A.**    **Magistrate Judge's Summary of Standard of Review**

Magistrate Judge Blewitt begins his analysis of the merits of Petitioner's Petition by summarizing the standard of review for challenging state convictions

under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]  For purposes of completion, we shall reiterate the Magistrate Judge's summary.

"Section 2254(d), as amended, states as follows:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

The "contrary to" provision contained in Section (d)(1) is evaluated as follows:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition.  Accordingly, we adopt O'Brien's holding that 'to obtain relief at this state, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.'  In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme

---

[2] The AEDPA was enacted on April 24, 1996.  Pub. L. 104-132, Title I, Sec. 104, 110 Stat. 1214 (1996)

Court precedent requires the contrary outcome.

Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir. 1999)(citing O'Brien v. Dubois, 145 F.3d 16, 24-25 (1st Cir. 1998). The appropriate standard for the "unreasonable application clause is:

> whether the state court's application of Supreme Court precedent was objectively reasonable. The federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent . . . The primary significance of the phrase 'as determined by the Supreme Court of the United States' is that federal courts may not grant habeas corpus relief based on the state court's failure to adhere to the precedent of a lower federal court on an issue that the Supreme Court has not addressed. Thus in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent.

Matteo, 171 F.3d at 889-890. Further, as the Third Circuit stated in Beneshunas v. Klem, C.A. No. 04-2469, June 30, 2005, 2005 WL 1532441 (3d Cir.), slip op. p. 7 (Non-precedential), a writ under §2254(d)(2) may also be granted "if the state court decision was based on an objectively unreasonable factual determination." (internal citations omitted).

Section (d)(2) contains the presumption of correctness provision which greatly heightens the degree of deference paid to a state court's findings of fact. The burden is on the Petitioner to rebut the presumption by clear and convincing

evidence.  28 U.S.C. § 2254(e)(2)(B).[3]

The standard of review for claims pursuant to the AEDPA has also been stated in Lewis v. Johnson, 359 F.3d 646, 652 (3d Cir. 2004):

> The AEDPA "modifie[d] the roles of federal habeas courts in reviewing petitions filed by state prisoners." Williams v. Taylor, 529 U.S.362, 403 (2000). "[W]e are to review the state court's determinations on the merits only to ascertain whether the court reached a decision that was 'contrary to' or an 'unreasonable application' of clearly established Supreme Court law, or whether it made an 'unreasonable determination' of the facts." Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002). "[T]he determination whether or not a rule is clearly established at the time a state court renders its final judgment of conviction is a question as to which the 'federal courts must make an independent evaluation." Williams, 529 U.S. at 382 (quoting Wright v. West, 505 U.S. 277, 305 (1992). The AEDPA does, however, confine the authorities on which federal courts may rely in making this determination to the decisional law of the Supreme Court, that is the "Federal law, as determined by the Supreme Court of the United States."

Id. at 381-382 (quotation omitted).

In Early v. Packer, 537 U.S. 2 (2002), the Court indicated that as long as the state court adjudicates a claim substantively rather than procedurally, even if the federal law is not identified as the rule of the decision, it has adjudicated the claim on the merits for the purposes of the AEDPA." (Rec. Doc. 15 at 6-9).

### B.     Merits of the Petition

---

[3] See *supra*, pages 8 through 9 for a discussion of the Petitioner's objection to this portion of the Magistrate Judge's summary of the standard of review.

1. Claim One: <u>Insufficient Evidence to Support Attempted Murder and Aggravated Assault Convictions</u>

Petitioner objects to the standard of review applied by Magistrate Judge Blewitt to his sufficiency of the evidence claim. In particular, Petitioner alleges that Magistrate Judge Blewitt should have applied the standard of review for habeas claims brought pursuant to §2254(d)(2) espoused in <u>Breighner v. Chesney</u>, 301 F. Supp. 2d 354 (M.D. Pa. 2004)(Connor, J.)(aff'd <u>Breighner v. Chesney</u>, 156 Fed Appx. 539 (3d Cir. 2005)).

In <u>Breighner</u>, the district court held that §2254(e)(1), which states:

> In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidences

does not apply to §2254(d)(2). The district court held that "[t]he federal habeas court's analysis under this subsection is limited to the record available to the state trial court . . . and encompasses two questions: (1) whether a factual determination of the state court was "unreasonable" in light of the state record, and (2) whether the state court's decision was "based" on that unreasonable determination. <u>Id.</u> at 368. Moreover, the district court held that "a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record.

A review of the Magistrate Judge's report reveals that he indeed applied subsection (e)(1) to subsection (d)(2) despite the holding of <u>Breighner</u>. Accordingly, because the standard has since evolved, we find it incumbent upon the Court to apply the <u>Breighner</u> standards to Petitioner's sufficiency of the evidence claims. Because we find that Magistrate Judge Blewitt, who is more intimately familiar with the complexities of the record than we are, is in a better position to undertake the necessary analysis under <u>Breighner</u>, we shall remand this issue for his consideration. It may well be that an analysis of Petitioner's claims under <u>Breighner</u> will lead the Magistrate Judge to the same result, however, in the interests of justice and caution, we shall remand the issue for the Magistrate Judge's analysis.

The Petitioner also objects to the portion of the Magistrate Judge's report that quotes the Superior Court's opinion, stating that Officer Vacarro sprayed the Petitioner in the face with pepper spray. Petitioner notes that the Magistrate Judge misquoted the Superior Court's opinion in that that Officer Rice, the victim of the shooting, in fact "emerged from a secreted position to shock and awe Petitioner by spraying mace directly into Petitioner's face. This distinction is important." (Rec. Doc. 16 at 1). The Magistrate Judge did, in fact, misquote the Superior Court's

9

opinion. (Rec Doc. 15 at 12; doc. 5, Ex. 2 at 3).

Despite Petitioner's allegation that the distinction of whom sprayed him with pepper spray is an important one, we disagree. It is of no moment to the Magistrate Judge's analysis which officer actually sprayed the mace into the Petitioner's face, because Petitioner's theory of accidental or involuntary shooting does not depend on *which* individual sprayed him with pepper spray. Therefore, regardless of whether Magistrate Judge Blewitt misquoted the Superior Court's opinion, he did not appear to rely on the misquoted fact. However, inasmuch as this claim will be remanded for the Magistrate Judge's analysis, he will have an opportunity to correct the misquoted portion of the Superior Court's opinion, or clarify for the record that Officer Rice, not Officer Vacarro, deployed pepper spray upon the Petitioner.

    2.    <u>Claim Two: Ineffective Assistance of Trial Counsel in Failing to Adequately Investigate and Obtain Forensic Testimony</u>

Petitioner objects to Magistrate Judge Blewitt's recommendation that this Court deny his ineffective assistance of counsel claim based upon his allegation that trial counsel was ineffective by failing to adequately investigate and obtain forensic testimony. Specifically, Petitioner alleges that if proper forensic testimony had been obtained, it would have shown that the center-mass of the shotgun discharge "widely missed" Officer Rice, raising an inference that

Petitioner did not shoot Officer Rice intentionally.

As noted by the Magistrate Judge, Strickland v. Washington, 466 U.S. 668, 687 (1984) lays out a two-part test to determine whether trial counsel was ineffective. First, a petitioner must show that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. In order to prove trial counsel was deficient, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." Id. Furthermore, the court is to grant deference to trial counsel in evaluating his performance. Id.  With respect to the second prong, a petitioner must show that the deficient performance so prejudiced the defense that the defendant was deprived of a fair trial.  Id. Accordingly, a petitioner must show that but for the deficient performance of trial counsel, there would have been a reasonable probability of a different outcome. Reinert v. Larkins, 2004 WL 1774593, *17 (3d Cir. 2004).

Petitioner's trial counsel testified at Petitioner's PCRA hearing that he contacted three ballistics experts prior to Petitioner's trial.  Counsel testified that he was told by one expert that he could not testify regarding the projectory in the Petitioner's case because it was a close range shooting with a shotgun.  As aforementioned, the theory of Petitioner's defense was that the shooting was

accidental and not intentional, and Petitioner's belief was that a ballistics expert's testimony could raise an inference that Petitioner did not intend to shoot Officer Rice due to the location of the gunshot wound and the scattering of the shotgun pellets.

  We agree with Magistrate Judge Blewitt's holding that Petitioner cannot and did not show that his counsel's performance was deficient with respect to failure to call a ballistics expert.  Counsel testified that he did in fact contact ballistics experts and discuss the facts of Petitioner's case with them.  As noted, counsel further testified that he was told by an expert that due to the nature and proximity of the shooting, testimony to support Petitioner's theory could not be produced.  Based upon trial counsel's testimony, we cannot find his failure to call a ballistics expert to be objectively unreasonable.  It is apparent that trial counsel took the necessary steps to determine whether a ballistics expert's testimony could support the defense theory of the case.  When trial counsel was informed that no such testimony could be rendered, his decision not to call a ballistics expert was reasonable in light of the circumstances.   We thus cannot find that trial counsel's performance was deficient in this regard, and accordingly, we will adopt the Magistrate Judge's recommendation that Petitioner's ineffective assistance of

counsel claim with respect to forensic testimony be denied.[4]

### 3. Claim Three: Ineffective Assistance of Trial Counsel in Failing to Request an Appropriate Jury Instruction

Petitioner objects to Magistrate Judge Blewitt's recommendation that this Court deny his ineffective assistance of counsel claim based upon his allegation that trial counsel was ineffective by failing to request an appropriate jury instruction. Petitioner alleges that his action of shooting Officer Rice was involuntary, and that counsel should have requested a jury instruction addressing the same. Therefore, Petitioner alleges that Magistrate Judge Blewitt's analysis regarding trial counsel's failure to request a jury instruction for homicide by misadventure or self-defense fails to address the nature of his third habeas claim.

Although not precisely stated, a review of Petitioner's Petition and brief in support of his Petition (docs. 1 and 4) indicates that he claims counsel was ineffective by failing to request a jury instruction regarding involuntariness. In his Petition, Petitioner cites as ground three for his claim that "[t]rial counsel rendered ineffective assistance when he failed to request an appropriate jury instruction. There was no reasonable basis for counsel's failure to request an appropriate and meritorious jury instruction which would have guided jurors in the relevant law

---

[4] In so adopting the Magistrate Judge's recommendation, we shall deny Petitioner's Motion for Leave to Conduct Discovery and for Appointment of an Expert (doc. 12) because we find no basis to Petitioner's second claim, upon which the said motion is grounded.

toward a correct evaluation of the defense case/testimony." (Rec. Doc. 1 at 8).[5] While the language found in the Petition is broad, in his brief, Petitioner specifically cites a case dealing with the failure of counsel to request a charge regarding the involuntariness of the defendant's actions. (Rec. Doc. 4 at 16-18); See Commonwealth v. Fierst, 620 A.2d 1196 (Pa. Super. 1993).

Inasmuch as the Report and Recommendation does not address trial counsel's alleged ineffectiveness regarding the failure to request an involuntariness instruction, in the interest of caution and completeness, we also find it prudent to remand this issue to the Magistrate Judge for his consideration. As aforementioned, the Magistrate Judge is better suited to dispose of this issue than are we, due to his familiarity with the case and issues at hand.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 15) is ADOPTED to the following extent:

    a. Claim Two of the Petition, Ineffective Assistance of Counsel in Failing to Adequately Investigate and Obtain Forensic Testimony, is DENIED.

    b. Petitioner's Motion for Leave to Conduct Discovery and for

---

[5] On the original of the Petition, this passage appears on what is marked as Page 9.

        Appointment of an Expert (doc. 12) is DENIED.

2. Claims One and Three are remanded to the Magistrate Judge for the reasons cited herein.

3. The Magistrate Judge shall issue a further Report and Recommendation in conformity with this Memorandum and Order on Claims One and Three.

                                        <u>s/ John E. Jones III</u>
                                        John E. Jones III
                                        United States District Judge