IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN WHEATLEY,              :        No.  4:CV-06-01230
                              :
              Petitioner      :        (Judge Jones)
                              :
          v.                  :        (Magistrate Judge Blewitt)
                              :
EDWARD KLEM, et. al,          :
                              :
          Respondents         :

## MEMORANDUM

December 21, 2006

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

The Petitioner, Steven Wheatley ("Petitioner") an inmate incarcerated at the

State Correctional Institution at Mahanoy filed this *pro se* Petition for Writ of

Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. In the Petition,

Petitioner challenges his March 9, 2001 conviction in the Monroe County Court of

Common Pleas with respect to his shooting of a police officer victim on three

grounds; (1) insufficient evidence to support attempted criminal attempt to commit

murder and aggravated assault convictions; (2) ineffective assistance of trial

counsel in failing to adequately investigate and obtain forensic testimony; and (3)

ineffective assistance of trial counsel in failing to request an appropriate jury

instruction.  (Rec. Doc. 1 at 6-9).

The case was referred to United States Magistrate Judge Thomas M. Blewitt.[1]  Thereafter, on September 20, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 15) recommending that the Petition for Habeas Corpus be denied with respect to its three claims.   The Magistrate Judge further recommended that the Petitioner's Motion for Leave to Conduct Discovery and for Appointment of an Expert (doc. 12) be denied because no further information is required to decide Petitioner's habeas claims.  Petitioner timely filed objections to Magistrate Judge Blewitt's Report and Recommendation.  (Rec. Docs. 16 and 17).

On October 18, 2006, this Court entered a Memorandum and Order (doc. 18) adopting Magistrate Judge Blewitt's Report and Recommendation with respect to the denial of Claim Two, ineffective assistance of trial counsel for failing to obtain forensic testimony.  As a corollary, we adopted Magistrate Judge Blewitt's recommendation that the Petitioner's Motion for Leave to Conduct Discovery and for Appointment of an Expert be denied.  We did, however, remand to the Magistrate Judge Petitioner's Claim One, insufficiency of the evidence claim, to apply the standard of review espoused in <u>Brieghner v. Chesney</u>, 301 F. Supp. 2d

---

[1]  Upon Magistrate Judge Blewitt's preliminary review of the record, he found that Petitioner's Petition was timely filed under 28 U.S.C. § 2244(d)(1).

354 (M.D. Pa. 2004), aff'd. 156 Fed. Appx. 539 (3d Cir. 2005)(Non-Precedential).

We further indicated to the Magistrate Judge that the Report and Recommendation

misquoted the Pennsylvania Superior Court with respect to the name of the police

officer who sprayed pepper spray in the Petitioner's face, and we remanded so that

the Magistrate Judge would correct this misquotation.  We also remanded Claim

Three to the Magistrate, interpreting that claim to be that trial counsel was

ineffective for failing to request a jury instruction regarding involuntariness.

Objections to Magistrate Judge Blewitt's report were due by November 17,

2006.  On that date, Petitioner filed objections to the report.  (Rec. Docs. 20 and

21).  The matter is therefore ripe for our review.

## FACTUAL AND PROCEDURAL BACKGROUND:

On March 9, 2001 Petitioner was found guilty, by a jury, in the Court of

Common Pleas of Monroe County, Pennsylvania, of attempted homicide and

related charges, namely aggravated assault and reckless endangerment with respect

to his shooting of Police Officer Rice.  The Court also found the Petitioner guilty

of possession of a firearm by a former convict.  On April 11, 2001, the Petitioner

was sentenced to an aggregate term of fifteen to thirty years incarceration.

On April 23, 2001, Petitioner filed a post-sentence motion raising several

issues regarding his finding of guilt and sufficiency of the evidence against him.  On

June 4, 2001, Petitioner also filed a motion challenging his sentence.  The trial court denied these post-sentence motions on June 29, 2001.

On July 24, 2001, the Petitioner filed a direct appeal of his judgment of his sentence with the Superior Court of Pennsylvania.  The Superior Court affirmed the Petitioner's conviction on August 16, 2002.  On September 15, 2002, the Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court denied on August 26, 2003.

On April 22, 2004, the Petitioner filed a *pro se* Petition for Post Conviction Relief Act ("PCRA") with the Court of Common Pleas.  Counsel was appointed to represent Petitioner relative to his PCRA petition.  On October 13, 2004, Petitioner, through his counsel, filed an amended PCRA petition, limiting his ineffective assistance of counsel claims to four issues, including the two ineffective assistance of counsel claims included in the present Petition.

The Court of Common Pleas denied the PCRA petition on February 17, 2005.  The Petitioner appealed to the Superior Court of Pennsylvania on March 3, 2005, and the Superior Court affirmed the Court of Common Pleas's "excellent" decision on October 27, 2005.  (Rec. Doc. 5, Ex. 9).  On November 15, 2005, the Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court denied on May 25, 2006.  The current Petition

was filed on June 19, 2006.

**DISCUSSION**:

The Petitioner's timely filed objections only pertain to Claim One of the Petition, insufficiency of the evidence.  Petitioner's objections do not address the Magistrates disposition of Claim Three, ineffectiveness of counsel for failing to request a jury instruction regarding voluntariness.  Accordingly, different standards of proof shall be applied to the different claims.

**A.      Claim One: Insufficiency of the Evidence**

**1.      Standard of Review**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark,

749 F.2d 5, 7 (3d Cir. 1984).

## 2.   **Analysis**

Upon remand, the Magistrate Judge applied the standard announced in

Breighner to Claim One.  Breighner held that the presumption of correctness of

factual findings of state courts did not apply when federal court reviews a habeas

claim that the state court unreasonably applied federal law.  The Breighner Court

stated that:

> The federal habeas court's analysis under this subsection [28 U.S.C. §
> 2254(d)(2)] is limited to the record available to the state trial court –
> and reproduced in federal proceedings by the petitioner or "the State"
> – and encompasses two questions: (1) whether a factual determination
> of the state court was "unreasonable" in light of the state record, and
> (2) whether the state court's decision was "based" on that
> unreasonable determination.

Id. at 368.  The Breighner Court also stated that "a factual determination should be

adjudged 'unreasonable' under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record."

(citations omitted).  Id. at 368-369.  The Breighner Court also stated that '[m]ere

disagreement with an inferential leap or credibility judgment of the state court is

insufficient to permit relief.  Only when the finding lacks evidentiary support in the

state court record or is plainly controverted by evidence therein should the federal

habeas court overturn a state court's factual determination."  (Citations omitted).

<u>Id</u>.

Petitioner objects to the Magistrate Judge's conclusion that under <u>Breighner</u>, Claim One of the Petition has no merit.  Petitioner's argument is unchanged; he submits "no rational trier of fact could have found the essential elements of Aggravated Assault beyond a reasonable doubt."  (Rec. Doc. 20 at 3)..   In particular, Petitioner argues that no jury could have found that he had acted intentionally when he shot Officer Rice.

We shall not delve back into the factual panoply in this case more than is necessary to resolve this question: Officer Rice, accompanied by other Officers, was dispatched to the Petitioner's home to respond to a domestic disturbance.  Petitioner refused to follow the Officers' orders and threatened Officer Vacarro from inside the residence.  When a tow truck arrived to move Petitioner's van from the scene, Petitioner emerged from the residence, onto the porch and stated, "You want to play?"  The Officers feared Petitioner was armed and Petitioner *in fact* had a shotgun at his side.  Officer Rice pepper sprayed the Petitioner in the face.  After he was sprayed, Petitioner lifted the shotgun and fired it into Officer Rice's chest.

Petitioner argues that the firing was not intentional, but merely an accidental, involuntary reflexive reaction, prompted by the pepper spray that was discharged in his face by Officer Rice.  Petitioner also claims that at the time of the shooting, he

had MS and a broken collar bone, conditions which affected his muscular control. Petitioner also states that he testified that he did not intend to shoot Officer Rice.

We simply cannot, from the factual record, make the conclusion that the state courts' decisions with respect to Claim One of the Petition lack evidentiary support or are plainly controverted by evidence in the state court record.  The factual record plainly indicates to us that there is no merit in Petitioner's claim that his convictions were contrary to the weight of the trial evidence, and thus we cannot find that the state court erred in when deciding the same.

As the Magistrate Judge noted, the  Brieighner Court stated that mere disagreement with a credibility judgment of the state court is insufficient to grant habeas relief under § 2254(d)(2).  Id. at 369.  The jury considered Petitioner's testimony that he did not intend to shoot Officer Rice and promptly found it unmeritorious, choosing instead to favor Officer Rice's testimony regarding the events.  The jury was authorized to make such a credibility determination, and nothing in the record indicates to us that the jury's decision was unreasonable by any stretch of the imagination.[2]  Simply stated, Petitioner had a colorable defense

---

[2] Breigher noted that "[t]he conclusion that the state court's determination of the facts was reasonable renders its unnecessary to address whether the state court's decision was 'based on' that determination."  Id. at 369, n. 13.  Inasmuch as we have found the state court's determination of the facts to be reasonable, we shall not endeavor to the second prong of the Breighner inquiry.

and he asserted it. That the jury did  not buy into that defense under the circumstances does not warrant the relief sought by Petitioner. Accordingly, the Petitioner's objections to the Magistrate Judge's disposition of Claim One of the Petition are overruled and we shall adopt the Magistrate Judge's Report and Recommendation with respect to Claim One.

### B.   Claim Three: Ineffectiveness of Counsel for Failing to Request an   Involuntariness Jury Instruction

#### 1.   Standard of Review

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

#### 2.   Analysis

Petitioner did not lodge any objections to the portion of the Magistrate Judge's report that found Petitioner procedurally defaulted on Claim Three of the Petition.  Additionally, for the sake of completeness, the Magistrate Judge

discussed Claim Three on the merits, and Petitioner filed no objections pertaining to that analysis.  Our review of Claim Three confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's analysis of Claim Three.

Magistrate Judge Blewitt correctly found that the Petitioner did not exhaust the issue he raises in Claim Three of the Petition and that Petitioner has procedurally defaulted on Claim Three.  Magistrate Judge Blewitt accurately notes that this Court could only review Petitioner's procedurally defaulted Claim Three "if the cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  (Rec. Doc. 19 at 16).  We agree with Magistrate Judge Blewitt's finding that Petitioner showed *no* objective factor that prevented his compliance with the state procedural remedy, nor did he present any new evidence that he is actually innocent of the crime for which he is convicted. Accordingly, Magistrate Judge Blewitt recommended, and we agree, that Claim Three of the Petition be denied.

Finally, the Magistrate Judge undertook a merits analysis of Claim Three for the sake of completeness and in the interest of justice.  We agree with Magistrate

Judge Blewitt's reasoning that, based upon the evidence at Petitioner's trial, his counsel had no reasonable basis to request a jury charge based on the involuntariness of his actions, and thus he was not ineffective for failing to request such an instruction.

Accordingly, because we find no error in the disposition of Claim Three in Magistrate Judge Blewitt's Report and Recommendation (doc. 19)and because no objections have been filed regarding Claim Three, we will adopt it as our own for the reasons cited herein.  An appropriate Order shall issue.